(45 Misc. Rep. 652)

## STEIN v. KESSELGRUB.

(Supreme Court, Appellate Term. December 7, 1904.)

1. APPEAL—DETERMINATION OF CONTROVERSY—DISMISSAL.

A final order dispossessing a tenant having been vacated, and a new trial granted, the landlord appealed to the Supreme Court, and unsuc- cessfully applied for a stay pending appeal. During the pendency of the appeal the proceedings came on again for trial, and were dismissed on motion of the landlord on the ground that the tenant was no longer in possession. *Held*, that such dismissal constituted a determination of the controversy, warranting a dismissal of the appeal.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Solomon Stein against David Kesselgrub. From a Municipal Court order setting aside a final order in summary pro- ceedings for the dispossession of defendant as plaintiff's tenant, and granting a new trial, plaintiff appeals. Dismissed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL- DERSLEEVE, JJ.

Max Brown, for appellant.
Max Schleimer, for respondent.

PER CURIAM. This appeal is taken by the landlord from an order of the Municipal Court vacating a final order in summary proceedings dispossessing the tenant for nonpayment of rent and granting a new trial. On June 16, 1904, a precept was issued out of the Municipal Court, returnable on June 20th. On said last- mentioned day the tenant appeared and put in a verified answer, and the proceeding was adjourned to June 22d. On this last-named day the landlord moved for judgment on the pleadings, which motion was granted. A final order was accordingly thereafter made and entered on said 22d day of June, and on the 23d day of June a warrant was issued and the tenant dispossessed. There- after, and on June 24th, the tenant obtained an order to show cause why the final order should not be vacated and a new trial granted, which order was returnable on June 27th. This motion was duly argued on June 27th, and the court granted the same. On July 19, 1904, an order was entered setting aside the final order of June 22d, and setting the proceedings down for trial on August 2, 1904. From this order of July 19, 1904, the landlord appealed to the Supreme Court, and applied for a stay pending the appeal. This motion was denied, as alleged by the attorney for the landlord,

"upon the ground that there was no provision of law for a stay of proceedings from an order granting a new trial in a summary proceeding, as section 2255 of the Code applies only to appeals from a final order, and section 314 of the Municipal Court act (Laws 1902, p. 1579, c. 580), has reference to appeals from judgments." The landlord, having been thus unsuccessful in his attempt to get a stay from the Supreme Court, fell back on section 1310 of the Code, and contended that the appeal itself operated as a stay. The justice of the court below declined to take this view, and when the proceedings, after several adjournments, came on again for trial, on October 25, 1904, the court dismissed the proceeding, upon motion of the landlord, on the ground that the tenant had already been dispossessed, and was no longer in possession of the premises. From this last decision no appeal has apparently been taken.

Upon a motion made to dismiss the appeal herein at the opening of the present term of this court, disputed questions of fact were presented on affidavits, and the motion was denied. Upon this appeal, as presented on the merits by the record, it appears that the question whether or not the court below had a right to set aside the final order and grant a new trial is purely an academic one, and need not be determined. It may, however, be said that subdivision 19 of section 1 of the Municipal Court act (Laws 1902, p. 1489, c. 580) would seem to provide that such action by the justice of the Municipal Court was within his power.

The appeal is dismissed, with $10 costs and disbursements to the respondent.